**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 13-39-DLB-CJS-8**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**v.**                                    **MEMORANDUM ORDER**

**DARRELL SIMPSON**                                                                          **DEFENDANT**

\*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on Defendant Darrell Simpsons's *pro se* Motion for Termination of Supervised Release (Doc. # 689).  The United States having filed its Response (Doc. # 690), Defendant having filed his Reply (Doc. # 691), the Motion is ripe for the Court's review.   For the following reasons, the Motion is **denied**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 2014, Defendant was sentenced to 120 months of imprisonment followed by eight (8) years of supervised release for one count of conspiracy to distribute over 500 grams of cocaine and over 28 grams of cocaine base in violation of 21 U.S.C. § 846.  (Doc. # 289).  Defendant completed his term of imprisonment and was released from the Bureau of Prisons to the Eastern District of Kentucky on June 17, 2021.  (Doc. # 690 at 1).  On April 17, 2026, Defendant filed the instant Motion requesting early termination of his supervised release.  (Doc. # 689).  The United States filed a Response (Doc. # 690), Defendant filed his reply (Doc. # 692), and the Motion is ripe for review.

1

## II.   ANALYSIS

"Supervised release is part of a sentence."  *United States v. Krul*, 774 F.3d 371, 374 (6th Cir. 2014).  However, "[a] court 'may' terminate a term of supervised release at any time after the expiration of one year of supervised release, if the action is warranted by the conduct of the defendant and is in the interests of justice."  *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing 18 U.S.C. § 3583(e)(1)).  "Additional factors to consider are enumerated at 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)."  *Id*.

"Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances-such as exceptionally good behavior."  *Atkin*, 38 F. App'x at 198.  "In other words, early termination is not warranted as a matter of course."  *United States v. Givens*, No. 5:14-074-DCR, 2022 WL 2820081, at *1 (E.D. Ky. July 19, 2022) (internal quotation marks omitted).  Indeed, this Court has observed that—

> Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.  Similarly, productive employment, while laudable, does not justify the termination of supervision.  At base, unblemished conduct following release from [Bureau of Prisons'] custody cannot be a sufficient reason to terminate supervised release since, if it were, the exception would shallow the rule, *i.e.*, diligent service of the full period of supervised release imposed at sentencing.

*Id*. (cleaned up and internal quotation marks and citations omitted).

As the basis for his Motion, Defendant submits that he has "had no violations, disciplinary reports, or negative reports during supervision." (Doc. # 689 at 1).  Defendant states that he has "successfully completed all required programming, including RDAP and TDAP" as well as "maintained consistent lawful employment" and has "demonstrated

rehabilitation[.]"  (*Id.*).  Defendant expresses his gratefulness for his time on supervised release helping to "guide [him] in the right direction" but requests this Court "grant early termination so [he] can continue moving forward."  (*Id*. at 2).

The United States opposes Defendant's request.  As grounds, the United States points to a 2024 criminal complaint for aggravated burglary that was filed against Defendant in Hamilton County Municipal Court.  (Doc. # 690 at 2; *see also* Doc. # 666).  While that charge was ultimately ignored, the United States points to Defendant's Probation Officer at that time who expressed concern over Defendant's negative relationships and his productivity.  (Doc. # 690 at 2).  Moreover, the United States alleges that Defendant has failed to provide paystubs from any of his employers to the United States Probation Office ("USPO").  (*Id*.).

In his Reply Defendant maintains that "he was not involved in the [2024 aggravated burglary] incident" and even so, "[b]ecause the matter was dismissed and no conviction resulted, Defendant respectfully submits that the allegation should not weigh against early termination."  (Doc. # 692 at 1).  Additionally, Defendant states that he has maintained lawful employment and would provide supporting documentation to USPO.  (*Id*.).

Defendant has not shown that early termination is warranted at this juncture.  Defendant's compliance with the law and the terms of his supervised release is what is expected of him.  However, it is not crystal clear to the Court that he has even done so.  First, while Defendant is correct that the aggravated burglary charge was dropped, the noncompliance summary reflects that during that time he "continued to overlook advice from United States Probation regarding multiple negative relationships" and the Probation Officer at that time "expressed concerns that [the unhealthy relationships] would

3

continue." (Doc. # 666 at 1).  As a result, USPO recommended re-enrolling in individual mental health counseling, with sessions specifically focusing on anger management and cognitive behavioral therapy.  (*Id.*).  Moreover, when originally speaking to USPO, they were unable to confirm whether Defendant did in fact maintain full-time employment due to his failure to provide paystubs when requested.  While Defendant has since provided those pay stubs, there remains a couple month period where his employment is unverifiable by USPO.

The Court commends Defendant on the progress he has made and acknowledges that Defendant is generally complying with the terms of his supervised release.  However, full compliance is what is expected of a defendant on supervised release, and the fact that it was not immediately apparent that Defendant was doing so does not convince the Court that he has demonstrated "exceptionally good behavior." *Atkin*, 38 F. App'x at 198.

## III.    CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant's *pro se* Motion for Termination of Supervised Release (Doc. # 689) is **DENIED**.

This 20th day of May, 2026.



Signed By:

David L. Bunning    *DB*

**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\Covington Criminal\2013\13-39-8 MOO on Mtn Term Supervised Release.docx

4